# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRITTANY WILLIAMS,

    Plaintiff,

v.                                            CASE NO. 8:23-cv-2144-CEH-TGW

BABY DOLL'S GENTLEMAN'S
CLUB,

    Defendant.
_____/

## **ORDER**

Plaintiff, a Florida pre-trial detainee at the Pinellas County Jail, initiated this action *pro se* by filing a civil rights complaint (Doc. 1) in which she alleges while working as a dancer at Defendant's club, she was underpaid, injured, and falsely arrested. Plaintiff's "Motion to Pay" (Doc. 2) is construed as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1]

Section 1915(g) provides:

    (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

---

[1] Although in the motion Plaintiff asserts the entire fee will be paid from her prison account if a "court order is received," the Court takes judicial notice of information on the Pinellas County Sheriff's website, www.pcsoweb.com, that shows Plaintiff has a $-2032.60 commissary balance.

1

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[2]

Plaintiff's prior cases dismissed as either frivolous, malicious, or for failing to state a claim upon which relief may be granted include *Williams v. Pinellas Cty. Justice Ctr.*, No. 8:23-cv-259-TPB-TGW (M.D. Fla.), *Williams v. Home Advantage Humana*, No. 8:23-cv-342-CEH-JSS (M.D. Fla.), *Williams v. Home Advantage Humana*, No. 8:23-cv-980-CEH-AAS (M.D. Fla.), *Williams v. Prof'l Mktg. Mgm't, Inc.*, No. 8:23-cv-1223-WFJ-AEP (M.D. Fla.), and *Williams v. Datz Rests.*, No. 8:23-cv-1264-WFJ-TGW (M.D. Fla.). Because Plaintiff has had at least three prior dismissals that qualify under Section 1915(g) and because she alleges no facts showing she is under imminent danger of serious physical injury, she may not proceed *in forma pauperis*. She may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.[3]

Accordingly:

---

[2] Although Plaintiff is a pre-trial detainee, she is subject to § 1915(g) because "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[3] Plaintiff is cautioned that her complaint fails to state a claim upon which relief may be granted.

2

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to Plaintiff filing a new complaint, in a new case with a new case number, upon the payment of the filing fee.

2. The construed motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

3. The Clerk is directed to close this case.

**ORDERED** in Tampa, Florida, on September 26, 2023.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*